UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHEYENNE LUKE PERCLEK, JR.**<br>DOC #495390 | : | **CIVIL ACTION NO. 17-cv-549**<br>**SECTION P** |
| **VERUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **DeRIDDER POLICE DEPT, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Cheyenne Luke Percle, Jr. ("Percle"). Percle is currently housed at Caldwell Correctional Center in Greyson, Louisiana. As defendants, he names the DeRidder Police Department, and DeRidder Police Officer Jay Purdue.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**I.**
**BACKGROUND**

Percle claims that on June 21, 2016, he was arrested by Officer Boone of the DeRidder Police Department and placed in Boone's patrol car. Doc. 1, att. 2, pp. 1, 5. He alleges that Officer Purdue was following Boone's vehicle and that the officers pulled their vehicles to the side of the road. *Id.* at 1. He states that Boone exited the vehicle at which time Purdue walked up and told Boone "to watch." *Id.* Percle claims that Purdue pulled him to the edge of the passenger's seat and began punching him in the face and head. *Id.* at 1, 5. Percle contends that he was handcuffed at the time. *Id.* at 5. He states that Purdue told Boone to get his (Purdue's) patrol car. *Id.* While

- 1 -

Boone was doing as asked, Percle alleges that Purdue pulled him out of the vehicle and slammed both the right and left side of his face on the ground. *Id.* at 2, 5. Percle claims that Purdue then punched him in the back of his head several times. *Id.* at 2. He states that he was taken to DeQuincy Memorial Hospital where he received stitches in his chin and a CAT scan revealed cracked ribs. *Id.* Percle lists the charges against him as (1) aggravated flight from an officer; (2) battery of an officer; and (3) criminal damage to property. *Id.* at 8.

As relief, Percle seeks compensatory and punitive damages, including "pain and suffering, lost income, projected lost wages, loss of consortium, compensation for hospital cost, [and] mental anguish." Doc. 1, p. 4.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Percle has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Doc. 4. This Act directs a district court to dismiss an action if the court determines that it is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### B.  42 U.S.C. § 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. § 1983.  Thus, the initial question is whether a plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim that would entitle a plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  *West v. Atkin*, 108 S. Ct. 2250, 2254-55 (1988).

### C.  Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading containing a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Under Rule 8, "the complaint must allege specific facts from which . . . defendants can fairly appreciate the claim made against them."  *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

### D.  Theories of the Complaint

Percle's complaint must provide the factual elements listed above as well as reflect the legal considerations applicable to each theory of recovery.

#### 1.  Excessive Force

Claims that law enforcement officers have used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its "reasonableness" standard.  *Graham v. Connor*,

109 S. Ct. 1865, 1871 (1989). Under this standard, in order to establish a claim for excessive force in violation of the Constitution, the plaintiff must show (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable. *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). "The use of force must be evaluated from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Factors to consider in determining whether the force was objectively reasonable include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016) (citations and internal quotations omitted).

### 2. *Heck v. Humphrey and Wallace v. Kato Considerations*

Percle states that he was charged with battery of an officer. Therefore, he must show that he is not precluded from bringing his excessive force claims under the doctrine of *Heck v. Humphrey*, 114 S. Ct. 2364 (1994). In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 2372 (footnotes omitted).

The Fifth Circuit has held "that certain convictions will prevent a plaintiff from bringing an excessive force claim." *Arnold v. Town of Slaughter*, 100 F. App'x 321, 323 (5th Cir. 2004). "[W]e have . . . held that a Louisiana conviction for battery of an officer-a crime for which justification is an affirmative defense-prevents the plaintiff from suing for excessive force in connection with the incident. If the plaintiff proved his excessive force claim, he would essentially be proving that his battery was justified, which would undermine his conviction." *Id.* (citations omitted).

The information provided by Percle on the reason(s) for his arrest and what offenses he was charged with is insufficient. Further, he does not give any information regarding the disposition of the charges. If he was convicted of the criminal charges of aggravated flight from an officer and battery of an officer as a result of this incident, his claims may be barred if the criminal convictions have not yet been overturned or called into question. *Heck*, 114 S. Ct. at 2372. *Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions.

On the other hand, if the criminal prosecution remains pending, *Heck* would not apply at this time. *See Wallace v. Kato*, 127 S. Ct. 1091, 1097-98 (2007) (The *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges.) However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended." *Id.* at 1098.

It is uncertain whether or not this case is governed by *Heck* or *Wallace*. Percle should amend his complaint to provide information concerning the pending charges and whether those specific charges are still pending. Otherwise, he must show that the battery charge was not made in connection with the excessive force allegations raised here – in other words, that officers cannot reasonably claim self-defense as justification for their use of force. *See Aswell v. Culpepper*, No. 12-cv-997, 2015 WL 1638094, at *8-*9 (E.D. La. Apr. 13, 2015) (citing *Bush v. Strain*, 513 F.3d. 492, 499-500 (5th Cir. 2008)). He should provide a copy of the arrest report (if available) and any Bill of Information charging him with the offenses for which he remains incarcerated. He should also provide information concerning future court proceedings relative to the pending charges.

### 3. *Improper Party*

Percle has sued the DeRidder Police Department. Rule 17 of the Federal Rules of Civil Procedure addresses the capacity of parties to a lawsuit. Rule 17(b)(3) states that the capacity to sue or be sued of a party such as the Police Department is determined by the law of the state where the court is located. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." A juridical person is an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE ANN. ART. 24.

This Court has consistently dismissed § 1983 claims against entities, such as police departments, which are not amenable to suit in their own right. *See Mitchell v. Town of Lake Arthur*, No. 1:16-cv-64, 2016 WL 2726561, at *3 (W.D. La. May 9, 2016) (Lake Arthur Police Department does not have the capacity to be sued); *Austin v. Oakes*, No. 6:17-cv-623, 2017 WL 3122606, at *2-3 (W.D. La. July 21, 2017) ("Lafayette Police Department . . . functions as an agency, department, or division of the City. Therefore, it lacks the capacity to be sued, and the plaintiff in this lawsuit has no right to recover from it.") (internal citations omitted); *Hicks v.*

*Louisiana*, No. 5:13-cv-3000, 2014 WL 869247, at *1 (W.D. La. March 5, 2014) ("The Department is not a legal entity capable of being sued in federal court, so all claims against it should be dismissed."); and, *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) ("In order for a plaintiff to sue a city department, it must enjoy a separate legal existence . . . . Darby has failed to show that the City of Pasadena ever granted its police department the capacity to engage in separate litigation. His suit, as it stands, seeks recovery from a legal entity that does not exist for his purposes.") (internal citations and quotations omitted).

Based on the above reasoning, the DeRidder Police Department lacks the capacity to be sued. Thus, Percle's claims against this defendant should be dismissed.

### III.
#### CONCLUSION

Percle's *pro se* complaint is deficient in the respects discussed above. Before this court determines the proper disposition of his claims, he should be given the opportunity to remedy the deficiencies of his complaint or dismiss those claims that he cannot remedy. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (citing to *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

Accordingly;

**THE CLERK IS DIRECTED** to serve Percle with a copy of this Order.

**IT IS ORDERED** that Percle amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss the claims he is unable to cure through amendment. Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

Percle is further required to notify the court of any change in his address under LR 41.3.

THUS DONE AND SIGNED in Chambers this 19th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE