UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHEYENNE LUKE PERCLE, JR.** : | | **DOCKET NO. 17-cv-549** |
| **DOC # 495390** | | **SECTION P** |
| **VERSUS** : | | **UNASSIGNED DISTRICT JUDGE** |
| **JAY PURDUE, ET AL.** : | | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an amended civil rights complaint [doc. 37] filed pursuant to 42 U.S.C. § 1983 by plaintiff Cheyenne Luke Percle, Jr., who is proceeding *pro se* and *in forma pauperis* in this matter. Percle is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Caldwell Correctional Center in Grayson, Caldwell Parish, Louisiana. However, the events complained of here relate to his arrest in DeRidder, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that Percle's requests for declaratory and injunctive relief against all defendants be denied and dismissed with prejudice. His remaining claims should be allowed to proceed as set forth in our accompanying orders.

**I.**
**BACKGROUND**

This matter arises from Percle's allegation that he was beaten up by DeRidder police officer Jay Purdue following his arrest, and that DeRidder police officer Dwight Boone failed to intervene

to protect him.[1] Doc. 1, att. 2, pp. 1–2; doc. 37, p. 2. Finding Percle's claims to be deficient in several respects, we ordered him to amend same in order that this court might determine whether his complaint should survive our initial review. Doc. 36. Percle has complied, and in the process also added DeRidder Chief of Police John Gott and the City of DeRidder as defendants. Doc. 37. He seeks compensatory and punitive damages from all defendants in this matter, as well as declaratory and injunctive relief. *Id.* at 4.

We have determined that the amended claims against Purdue and Boone are sufficiently pleaded to survive this court's initial review, and ordered service of process as to these defendants. We have also ordered amendment with respect to the claims against the City of DeRidder and DeRidder Chief of Police. We now handle the requests for declaratory and injunctive relief as to all defendants through this report and recommendation.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Percle has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When

---

[1] A more detailed factual background is provided in our preceding amend order. *See* doc. 36.

determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C. Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

### D. Injunctive and Declaratory Relief

Requests for declaratory or injunctive relief are subject to the jurisdictional standing requirements of Article III. *See, e.g.*, *Hainze v. Richards*, 207 F.3d 795, 802 (5th Cir. 2000). To meet this requirement, a plaintiff must demonstrate that a case or controversy exists. *Bauer v.*

*Texas*, 341 F.3d 352, 357–58 (5th Cir. 2003). In requests for declaratory and injunctive relief he is therefore required to "allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Id.* at 358. Past exposure to illegal conduct is insufficient "if unaccompanied by any continuing, present adverse effects." *Id.* (quoting *City of Los Angeles v. Lyons*, 103 S.Ct. 1660, 1665 (1983)). Additionally, an inmate's transfer from the institution where the illegal conduct allegedly occurred generally renders such claims moot and the possibility of return to the offending institution is too speculative to preclude such a finding. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

Here Percle alleges no continuing adverse effects, and the record indicates he has been incarcerated at Caldwell Correctional Center in Grayson, Caldwell Parish, Louisiana, since the time he filed this action. *See* doc. 1, att. 3. Accordingly, he cannot demonstrate any ongoing injury or threat of future injury sufficient to meet the standing requirement for these claims and they must therefore be denied.

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that Percle's request for declaratory and injunctive relief be **DENIED** and **DISMISSED AS FRIVOLOUS** under 28 U.S.C. § 1915(e)(2)(B)(i). In all other respects, this matter should proceed as directed in our accompanying orders.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE