# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHEYENNE LUKE PERCLE, JR.** <br> DOC # 495390 | : | **DOCKET NO. 17-cv-549** <br> **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **JAY PURDUE, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is the amended civil rights complaint [doc. 37] filed pursuant to 42 U.S.C. § 1983 by plaintiff Cheyenne Luke Percle, Jr., who is proceeding *pro se* and *in forma pauperis* in this matter. Percle is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Caldwell Correctional Center in Grayson, Louisiana. However, the events complained of here relate to his arrest in DeRidder, Louisiana.

### I.
### BACKGROUND

This matter arises from Percle's allegation that he was beaten up by DeRidder police officer Jay Purdue following his arrest, and that Officer Dwight Boone failed to intervene to protect him.[1] Doc. 1, att. 2, pp. 1–2; doc. 37, p. 2. Finding Percle's claims to be deficient in several respects, we ordered him to amend same in order that this court might determine whether his complaint should survive our initial review. Doc. 36. Percle has complied, and in the process also added DeRidder Chief of Police John Gott and the City of DeRidder as defendants. Relevant to this amend order, Percle now seeks to hold both Gott, personally and officially, and the City of DeRidder liable for

---

[1] A more detailed factual background is provided in our preceding amend order. *See* doc. 36.

-1-

the constitutional violations that he claims resulted from the alleged use of excessive force by Officer Purdue. *See* doc. 37, pp. 1–2. He seeks compensatory and punitive damages from all defendants in this matter. [2] *Id.* at 4.

We have determined that the amended claims against Purdue and Boone are sufficiently pleaded to survive this court's initial review, and ordered service of process as to these defendants. However, the claims against Gott and the City of DeRidder are deficient in a number of aspects. Accordingly, we now review same under the screening standards described in our previous amend order.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Percle has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be

---

[2] Percle also requests declaratory relief and a preliminary injunction against all defendants. Doc. 37, p. 4. We find these requests incurably deficient, and have recommended that they be denied and dismissed with prejudice by separate report and recommendation.

granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

## B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

## C. Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

## D. Theories of the Complaint

### 1. Supervisory Liability

Supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional

deprivation, have failed to train or supervise the officials directly involved in circumstances amounting to deliberate indifference to the plaintiff's rights, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Brown v. Bolin*, 500 Fed. App'x 309, 314 (5th Cir. 2012); s*ee also Cozzo v. Tangipahoa Parish Council—President Gov't*, 279 F.3d 273, 289 (5th Cir. 2002).

Here it is clear that Gott is named in a supervisory capacity. Percle alleges generally that Gott created or encouraged "customs that permit the abuse of 'free citizens' arrested" and was "grossly negligent" in managing Purdue. Doc. 37, pp. 2–3. He also alleges that Gott, despite being apprised of excessive force complaints against Purdue and confronted with evidence of same, "failed to do anything to fix the situation." *Id.* at 2.

Percle's allegations of a constitutionally deficient policy are too general to satisfy Rule 8's standards above, and the rest of his claims do not support a constitutional violation on Gott's part. He does not assert that evidence of Purdue's alleged use of excessive force was shown to Gott **before** his (Percle's) arrest, and we find no basis for holding Gott liable for failing to "fix the situation" after it had already occurred. Additionally, a claim of supervisory liability under § 1983 requires more than negligence or even gross negligence. *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Instead, as stated above, the lack of supervision must amount to deliberate indifference. "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998)). Percle's allegations against Gott do not meet this standard and he should amend to help us to determine whether he has a viable constitutional claim against this defendant.

*2. Municipal liability*

Similar to the above, municipal liability attaches in a § 1983 suit where the governmental entity "is alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," as well as when the injury results from an informal custom of the entity. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 166 (5th Cir. 2010) (internal quotations omitted). The municipality may not be held liable "merely for employing a tortfeasor," and the plaintiff is instead required to show three elements: a policymaker, an official policy, and a resulting violation of constitutional rights. *Id.* at 167; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

As for the City of DeRidder, Percle alleges that it is liable for failing to implement a policy that would ensure the safe transport of arrestees. Doc. 37, p. 3. However, liability under § 1983 based on failure to implement a policy likewise requires a showing that the defendant acted with deliberate indifference. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Percle makes no allegation that could lead us to conclude that the City of DeRidder's policymaker in this area (likely Gott) knew of a serious risk of harm resulting from the failure to adopt a different policy regarding transport of arrestees. Moreover, his inability to identify what transport policy might have prevented his alleged beating lends his claim little credibility. Accordingly, he should amend to clarify his policy-based claims against the city.

*3. Official Liability of Police Chief*

Percle brings claims against Gott in both his individual and personal capacity. As the Supreme Court has explained:

> [T]he distinction between official-capacity suits and personal-capacity suits is more than "a mere pleading device." . . . State officers sued for damages in their official capacity are not "persons" for purposes of the suit because they assume the identity of the government that employs them . . . . By

>contrast, officers sued in their personal capacity come to court as individuals. A government official in the role of personal-capacity defendant thus fits comfortably within the statutory term "person."

*Khansari v. City of Houston*, 14 F.Supp.3d 842, 852 (S.D. Tex. 2014) (quoting *Hafer v. Melo*, 112 S.Ct. 358, 362 (1991)).

A government official sued in his personal capacity is shielded by the doctrine of qualified immunity, and may only be held liable upon a showing of personal involvement in the alleged constitutional deprivation. *Id.* at 852–53. Meanwhile, when a plaintiff sues a municipal or county official in his official capacity, the municipality or county is liable for the resulting judgment. *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996). Thus, suits against government defendants in their official capacities "are typically an alternative means of pleading an action against the governmental entity involved." *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996) (citing *Hafer*, 112 S.Ct. at 361 (1991)); *see, e.g.*, *Hernandez v. Theriot*, 38 F.Supp.3d 745, 746 (M.D. La. 2014) ("A suit against a municipal Police Chief in his/her office capacity is a suit against the municipality.") Accordingly, Percle should amend his complaint to identify which claims are brought against Gott in a personal capacity and to raise his official-capacity claims against Gott against the City of DeRidder instead.

### 4. *Punitive Damages against City of DeRidder*

A municipality may not be held liable for punitive damages under § 1983. *Broussard v. Lafayette City-Parish Consol. Gov't*, 45 F.Supp.3d 553, 578–79 (W.D. La. 2014). Additionally, as discussed above, Percle's official-capacity claims against Gott are "in all respects other than name, to be treated as a suit against the government entity." *Mitchell v. City of New Orleans*, 184 F.Supp.3d 360, 378 (E.D. La. 2016) (alteration and quotations omitted). Thus, even if Percle can amend to provide viable claims against these defendants, he must dismiss his claims for punitive

damages against the city of DeRidder and Gott in official capacity, though he may still request punitive damages against Gott in his personal capacity.

### III.
#### CONCLUSION

Percle's amended pro se complaint is deficient in a number of respects as described above. Before this court determines the proper disposition of his claims against Gott and the City of DeRidder, he should be given the opportunity to remedy the deficiencies or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Percle at his last address on file.

**IT IS ORDERED** that Percle amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of the claims above as frivolous under 28 U.S.C. § 1915 or dismissal of the action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Percle is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE this 17th day of January, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE