# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **CHEYENNE LUKE PERCLE, JR.** | **CASE NO. 2:17-CV-00549** |
| **VERSUS** | **DISTRICT JUDGE SUMMERHAYS** |
| **JAY PURDUE, ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

**BEFORE THE COURT** is a Joint Motion to Enforce Settlement, Alternative Motion to Re-Open Case and Set for Trial [Doc. 126] filed by Defendants, Officer Jay Purdue and Officer Dwight Boone [Doc. 126], Motion and Order to Provide Plaintiff With Records in Entirety From Grodner Law Firm ("Motion to Produce Case File") [Doc. 151] filed by Cheyenne Luke Percle, Jr. ("Percle"), and Motion to Contest Notice of Lien [Doc. 152] filed by Percle. As explained below, the Court **DENIES** the Motion to Enforce [Doc. 126] and the Motion to Contest Notice of Lien [Doc. 152]. The Court **GRANTS** the Motion to Produce Case File [Doc. 151].

## I.

## BACKGROUND

Percle asserts claims under 42 U.S.C. § 1983 against Officers Perdue and Boone based on injuries he received during an arrest in June 2017. This case proceeded and, following settlement negotiations in May 2019, counsel for Mr. Percle, Ms. Donna Grodner, sent counsel for Defendants an e-mail stating that Mr. Percle "has authorized me to accept the settlement offer tendered by your client in the amount of $5,000.00." Defendants accepted this offer and notified the Court that the parties had agreed to settle Mr. Percle's claims. Accordingly, this Court entered a "60-day Order" administratively dismissing the case. (Hearing Exhibit No. 6; Doc. 118). This Order

provided that, within 60 days of the Order, the parties were to file one of the following documents: (1) a motion for entry of judgment on all claims; (b) a motion to reopen this matter and reinstate all claims for failure to finalize the settlement agreement; or (c) a motion to enforce the settlement agreement. [Doc. 118]. The Order further provided that if the parties did not file one of these documents within 60 days, the Order of Dismissal would become a final judgment of dismissal with prejudice. When Percle was presented with settlement papers, however, he refused to execute those papers. Percle then filed a pro se motion to add additional defendants, which was denied. Within the 60-day period of the Order, Officers Perdue and Boone filed the motion to enforce based on the agreement to settle between counsel for Percle and counsel for the Defendants.

On August 30, 2019, the Court held a hearing on Defendants' Motion to Enforce Settlement. Percle testified that he had never agreed to settle on the terms outlined in settlement papers he was presented. When his counsel presented the settlement offer to Percle, he was initially ambivalent about accepting the offer. When pushed by counsel, Percle accepted the $5,000 offer by Defendants with a comment "if that is all I can get." Percle, however, testified that he told Grodner that he would not accept any sort of confidentiality provision or other provision that restricted him from speaking about the events on the night of his arrest. Percle testified that, when he received the settlement documents on May 29th, they included a confidentiality provision. Percle testified that he believed that he was being misled about the settlement and, at that time, decided not to execute the settlement documents. Percle testified that he wished to proceed with his case. Percle's former counsel, Ms. Grodner, testified that she obtained a written "blanket" authority to settle Percle's claims. This written authority was dated June 11, 2018, almost a year before the settlement discussions at issue. (Hearing Exhibit No. 7). That document states that Percle was providing authorization "to settle for as much as we can get

in your case." (*Id.*). Percle signed this document, but, below his signature, handwrote "I want to know the offers before acceptance." (*Id.*).

## II.

## MOTION TO ENFORCE SETTLEMENT

The Fifth Circuit has stated that "settlement agreements, when fairly arrived at and properly entered into, are generally viewed as binding, final, and as conclusive of the rights of the parties as is a judgment entered by the court." *Rodriguez v. Via Metro. Transit Sys.*, 802 F.2d 126, 128 (5th Cir. 1986). Accordingly, settlement agreements may not be repudiated absent "fraud, deception, coercion or overreaching...." *Id.* at 129. Courts, therefore, have the inherent power not only to recognize and encourage settlements, but also to enforce such agreements when reached by the parties. *Bell v. Schexnayder,* 36 F.3d 447, 449 (5th Cir. 1994). Before exercising this inherent power, a court must determine whether an agreement was reached between the parties. A settlement agreement is a contract and is governed by the same rules governing contract formation and interpretation. *In re Raymark Indus., Inc.*, 831 F.2d 550, 553 (5th Cir. 1987); La. Civ. Code Art. 3071 ("A compromise is a contract.") A settlement agreement "settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express." La. Civ. Code Art. 3076. A valid settlement agreement therefore requires that there be "a meeting of the minds between the parties as to what they intended when the compromise was reached." *Rivett v. State Farm Fire and Cas. Co.*, 508 So. 2d 1356, 1359 (La. 1987).

The Court concludes that there was no "meeting of the minds" with respect to the settlement that the Defendants seek to enforce. The record reflects that Percle's tentative remarks with respect to accepting the $5,000 offer to settle do not reflect a clear and unambiguous intent to settle his claims. Moreover, Percle expressly stated that he would not settle on terms that

3

included a confidentiality provision. The proposed documents presented to Percle included a confidentiality provision. Thus, the settlement terms presented to him in the final settlement papers were not the terms that he had agreed to with his counsel. Percle's counsel could not bind him to those terms because the written authorization to settle that Percle signed had a handwritten limitation that prevented Grodner from agreeing to a settlement without Percle's knowledge and approval. During the hearing on this matter, counsel for Defendants offered to eliminate the confidentiality provision. Percle, however, was within his right to reject Defendants' counteroffer at this stage. Percle's communications with his counsel about not accepting a settlement that included any form of confidentiality requirement shows that this aspect of the agreement--i.e., no confidentiality restriction--was material to Percle. The Court, therefore, **DENIES** Defendants' Joint Motion to Enforce Settlement in all respects.

### III.

### MOTION TO PRODUCE CASE FILE

Percle requests that his former counsel, Donna Grodner, turn over all case-related files and documents to him. Grodner has filed a response indicating that she has offered to turn over those files to Percle in the past and Percle has declined. She does not oppose the request to turn over these files. Accordingly, the Court **GRANTS** Percle's Motion to Produce Case Files. Ms. Grodner is to deliver those files to Mr. Percle within fourteen (14) days of this ruling.

### IV.

### MOTION TO CONTEST NOTICE OF LIEN

Percle next moves to deny Grodner's "lien" on any recovery he might receive as well as a request to forfeit attorney fees resulting from any settlement. As the Court has stated above, there is no settlement between the parties, nor does the record reflect that there are currently any

4

settlement negotiations. Accordingly, the Court finds that this dispute is premature and **DENIES** Percle's Motion to Contest Notice of Lien without prejudice.

V.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Joint Motion to Enforce Settlement [Doc. 126]. The Court **GRANTS** the Motion to Produce Case Files [Doc. 151]. The Court **DENIES** the Motion to Contest Notice of Lien [Doc. 152] **WITHOUT PREJUDICE.**

THUS DONE in Chambers on this 3rd day of October, 2019.

Robert R. Summerhays
United States District Judge