# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

**CHEYENNE LUKE PERCLE JR #495390**     **CASE NO. 2:17-CV-00549**

**VERSUS**     **JUDGE SUMMERHAYS**

**POLICE DEPT OF DERIDDER ET AL**     **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING ON MOTION TO COMPEL

Before the Court is the Motion to Compel Plaintiff to Supplement Discovery Responses filed by Defendant Jay Purdue [Doc. 112]. Purdue seeks an order compelling Percle to execute a medical release form with respect to medical records and treatment identified in Percle's prior discovery responses. As explained below, the Court GRANTS the motion IN PART, and DENIES the motion IN PART.

Rule 34(a) of the Federal Rules of Civil Procedure "allows for production of documents which are in the possession, custody, or control of the party upon whom the request is served" and "that, for purposes of Rule 34, plaintiffs are in control of records that can be released via an authorization, because, by either granting or withholding [their] consent, [they] may determine who shall have access to them." *Lischka v. Tidewater Servs, Inc.*, Civ. A. No. 96-296, 1997 WL 27066, at *2 (E.D. La. Jan. 22, 1997) (internal quotation marks omitted). Accordingly, courts have held that "written authorizations may be compelled under Rule 34 because they simply compel parties to disclose documents which are *under their control*." *Id.* at *3 (emphasis added); *see also Mir v. L-3 Communications Integrated Systems, L.P.*, 319 F.R.D. 220 (N.D. Tex. 2016) (compelling party to sign document release authorization under Rule 34); *Wymore v. Nail*, 2016 WL 1452437, at *3 (W.D. La. Apr. 13, 2016) (quoting *Lischka*, 1997 WL 27066, at *2). With respect to the argument that Rule 34 does not require a responding party to create new or nonexistent documents, courts have concluded that "[i]t simply does not follow that if Rule 34 permits courts to compel parties to sign written authorizations, it must also permit parties to compel

their adversaries to create documents (or objects) of their choosing," where "[s]igning an authorization is an act that can be construed as production of a document under a party's control." *Lischka*, 1997 WL 27066, at *2 (emphasis removed). In *McKnight v. Blanchard*, 667 F.2d 477, 481–82 (5th Cir. 1982)., the Fifth Circuit rejected a motion to compel a party to execute a medical release attached to an interrogatory under Rule 33 of the Federal Rules of Civil Procedure. The court, however, suggested that Rule 34 may be an appropriate mechanism by which to require a party to sign an authorization release. *Id*.

The Court agrees with the reasoning of *Lischka*, *Wymore,* and *Mir*. Plaintiff Percle has placed his medical condition at issue given the claims he is asserting. Percle also identifies medical records that he intends to use at trial. Defendant's request, however, is overbroad to the extent that he seeks medical records from "any and all health care providers who treated Plaintiff within the last ten years." (Interrogatory 14).

Accordingly, the Court **GRANTS** Defendant's request for an order compelling Plaintiff Percle to sign a medical record release with respect to:

(1) The "certified medical records and billing from Dequincy Memorial Hospital, Beauregard Parish Jail, Richland Parish Detention Center, and Acadian Ambulance" that Percle identifies in his response to Interrogatory 9 as documents he may use at trial; and

(2) Medical records relating to Percle's treatment for injuries sustained during his arrest in June 2017.

The Court **DENIES** Defendants' motion in all other respects.

THUS DONE in Chambers on this 3rd day of October, 2019.

Robert R. Summerhays
United States District Judge